1
2
3
4
       UNITED STATES DISTRICT COURT
5
            DISTRICT OF NEVADA
6
                    * * *
7
UNITED STATES OF AMERICA,                    Case No. 2:14-CR-262 JCM (GWF)
8
                         Plaintiff(s),                    ORDER
9
       v.
10
PATRICK LYNN WASHINGTON,
11
                         Defendant(s).
12
13
       Presently before the court is petitioner Patrick Washington's ("Washington") motion to
14
vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 124).   The
15
government filed a response (ECF No. 126), to which Washington replied (ECF No. 129).
16
**I.      Background**
17
       On August 5, 2014, a federal grand jury in Nevada returned an indictment charging
18
Washington with one count of violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2) by being a felon in
19
possession of a firearm, and one count of violating those statutes by being a felon in possession of
20
ammunition.  (ECF No. 1).
21
       Washington pled guilty without a plea agreement.  (ECF No. 89).  The court entered a
22
judgment of conviction on December 28, 2015.  (ECF No. 111).  Washington appealed (ECF No.
23
113), and the Ninth Circuit affirmed.  (ECF No. 120).  On June 7, 2018, Washington filed, *pro se*,
24
the instant 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.  (ECF No. 124).
25
**II.     Legal Standard**
26
       *a.   Petition for writ of habeas corpus*
27
       Pursuant to 28 U.S.C. § 2255, a person in custody under a judgment by a district court may
28
file a motion under this section if he seeks a determination that (1) the judgment violates the

**James C. Mahan**
**U.S. District Judge**

1  Constitution or laws of the United States, (2) the court lacked jurisdiction to enter the judgment,

2  (3) the sentence exceeded the maximum allowed by law, or (4) the judgment or sentence is

3  otherwise subject to collateral review.  Further, section (4)(b) states that "if the motion is not

4  dismissed, the judge must order the United States attorney to file an answer, motion, or other

5  response within a fixed time."  U.S. R. Gov'g 2255 Proceedings(4)(b).

6      *b. Ineffective assistance of counsel*

7      To establish ineffective assistance of counsel, petitioner must demonstrate that the

8  counsel's conduct was not "within the range of competence demanded of attorneys in criminal

9  cases," and that there is a "reasonable probability that, but for counsel's unprofessional errors, the

10  result of the proceeding would have been different."  *Strickland v. Washington,* 466 U.S. 668, 687,

11  694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  The purpose of the effective assistance guarantee

12  is "to insure that criminal petitioners receive a fair trial."  *Id.* at 689.

13  **III.   Discussion**

14      In Washington's motion, he argues that he received ineffective assistance of counsel when

15  his trial attorney failed to seek certain disclosures under Federal Rule of Criminal Procedure 16.[1]

16  (ECF No. 124).  However, Washington cites Rule 16(a)(1)(C), which is the subsection of the rule

17  pertaining to organizational defendants.  *Id.*  As the government correctly notes in its response to

18  Washington's motion, Rule 16(a)(1)(C) does not apply to Washington, as he is an individual rather

19  than an organization.  *See* Fed. R. Crim. P. 16(a)(1)(C).

20      However, Washington further argues that, regardless of any disclosures sought under Rule

21  16, his Constitutional rights were violated when his victim's 9-1-1 call was admitted as evidence

22  against him at trial.  (ECF No. 124 at 2).  Washington suggests that his trial attorney's failure to

23  seek suppression of the 9-1-1 call constitutes ineffective assistance of counsel.  *Id.*  According to

24  Washington, the substance of the victim's 9-1-1 call constitutes testimony to which Washington

25  was never given the opportunity to respond in open court, in violation of his rights under the

26  Confrontation Clause.  *Id. See Crawford v. Washington*, 541 U.S. 36 (2004).

27

28      [1] The nature of the disclosures Washington argues ought to have been sought is unclear, as he has filed the instant motion on a *pro se* basis.

James C. Mahan
U.S. District Judge

- 2 -

1    However, as the government correctly argues, *Crawford* does not apply to 9-1-1 calls such

2    as the one the victim made in this case.  *See, e.g., Davis v. Washington*, 547 U.S. 813, 828 (2006).

3    Indeed, there is no Confrontation Clause issue when the primary purpose of a 9-1-1 call is to enable

4    the police to investigate or respond to an ongoing emergency.  *See id.*  Accordingly, these types of

5    9-1-1 calls are not considered testimonial evidence such that their admission into the record entitles

6    a criminal defendant to confront the declarant in open court.  *See id.*

7    Therefore, the court finds that Washington has failed to show that his constitutional rights

8    were violated, or that he received ineffective assistance of counsel.  Further, a district court may

9    deny a 28 U.S.C. § 2255 motion without an evidentiary hearing if the defendant's allegations,

10   viewed against the record, "either do not state a claim for relief or are so palpably incredible or

11   patently frivolous as to warrant summary dismissal." *United States v. Burrows*, 872 F.2d 915, 917

12   (9th Cir. 1989).

13   Here, Washington's motion hinges on the admission of the victim's 9-1-1 call and his trial

14   attorney's failure to move to suppress the call.  *See* (ECF No. 124).  As the court has already found

15   this argument to be meritless as a matter of law, the court will deny Washington's § 2255 motion

16   without an evidentiary hearing.

17   **IV.    Conclusion**

18   Accordingly,

19   IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Patrick Washington's

20   ("Washington") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF

21   No. 124) be, and the same hereby is, DENIED.

22   DATED October 3, 2018.

24   _____

25   UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 3 -