# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>PATRICK LYNN WASHINGTON,<br><br>Defendant(s). | Case No. 2:14-CR-262 JCM (GWF)<br><br>ORDER |

Presently before the court is the matter of *USA v. Washington*, case number 2:14-cr-00262-JCM-GWF-1.

On October 3, 2018, the court denied petitioner Washington's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. (ECF No. 130). On October 12, 2018, petitioner filed his notice of appeal. (ECF No. 134). On October 29, 2018, the Ninth Circuit remanded this case for the limited purpose of granting or denying a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). (ECF No. 136).

The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

**James C. Mahan**
**U.S. District Judge**

> (c)
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

Petitioner's § 2255 motion hinged "on the admission of the victim's 9-1-1 call and his trial attorney's failure to move to suppress the call" at "trial." (ECF No. 130). However, as the court noted in its previous order, the contents of 9-1-1 emergency calls do not constitute testimony, and therefore do not entitle a criminal defendant to confront the declarant at trial. *Id. See Davis v. Washington*, 547 U.S. 813, 828 (2006).

Moreover, the court noted that petitioner pleaded guilty to the charges against him and the court entered judgment against him based on that guilty plea. *See* (ECF No. 130 at 1). Thus, no trial was held in this case and no evidence was submitted to a jury, admissible or otherwise. Therefore, petitioner's allegation that his attorney failed to move to suppress the 9-1-1 call "at trial" lacks basis in fact.

Accordingly, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the court declines to issue a certificate of appealability.

James C. Mahan
U.S. District Judge

- 2 -

Accordingly,

IT IS HEREBY ORDERED that the court DECLINES to issue a certificate of appealability in this case.

The clerk of court is directed to file this order in this case and in the related civil case, number 2:18-cv-01038-JCM.

DATED October 31, 2018.

                                              UNITED STATES DISTRICT JUDGE